IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VALDEZ LAMONT JORDAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  23-cv-2654-RJD |
| | ) |
| **DEANNA BROOKHART,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on various motions filed by the parties. For the reasons set forth below, Plaintiff's Motion for Recruitment of Counsel (Doc. 45) is **DENIED** without prejudice. Defendants' Second Motion for Extension of Time to Opt Out of Mandatory Mediation (Doc. 46) is **DENIED** as moot. Defendants' Motion for Extension of Time for Discovery Deadline and Dispositive Motions (Doc. 47), Plaintiff's Motion for Extension of Time for Discovery Deadline and Dispositive Motions (Doc. 48), and Defendants' Motion to Opt Out of Mandatory Mediation (Doc. 49) are **GRANTED**.

**Defendants' Motion for Extension of Time for Discovery Deadline and Dispositive Motions (Doc. 47) & Plaintiff's Motion for Extension of Time for Discovery Deadline and Dispositive Motions (48)**

Defendants filed a motion seeking a 60-day extension for discovery, up to and including May 2, 2025, and a 90-day extension for dispositive motions, up to and including June 3, 2025. (Doc. 47). Thereafter, Plaintiff filed his own motion for extension of the discovery and dispositive motions deadlines, conceding to Defendants' requests. (Doc. 48). Accordingly, the parties'

motions are **GRANTED**.  The Court's Scheduling Order (Doc. 34) is **AMENDED** as follows: Discovery is due by May 2, 2025; Dispositive motions are due by 6/3/2025.  All other dates and deadlines remain in place.

**Defendants' Second Motion for Extension of Time to Opt Out of Mandatory Mediation (Doc. 46) & Motion to Opt Out of Mandatory Mediation (Doc. 49).**

On January 17, 2025, the Court entered an Order referring this case to mandatory mediation and advising the parties that any motion to opt out of mandatory mediation was due by January 31, 2025.  (Doc. 38).   Thereafter, the Court granted Defendants' motion for extension of that deadline up to February 20, 2025.  (Doc. 44).  Defendants then filed a second motion for extension up to March 13, 2025.  (Doc. 46).  On that date, and while the ruling on their motion was pending, Defendants filed a motion to opt out of mandatory mediation.  (Doc. 49).  They represent that additional discovery and/or arguments on summary judgment are first warranted prior to any settlement negotiations with Plaintiff.  Plaintiff did not respond to Defendants' motion to opt out of mandatory mediation.

Under the Mandatory Mediation Plan, motions to opt out shall be granted only for "good cause" shown, which does not include "inconvenience, travel costs, attorney fees, or other costs." Mandatory Mediation Plan, § 2.2 B.  In light of Defendants' representation that additional discovery and arguments relating to a motion for summary judgment are needed prior to engaging in settlement negotiations, the Court is satisfied that good cause exists to opt out of mandatory mediation at this time.  Accordingly,  Defendants' Second Motion for Extension of Time to Opt Out of Mandatory Mediation (Doc. 46) is **DENIED as moot**, and their Motion to Opt Out of Mandatory Mediation (Doc. 49) is **GRANTED**.

**Plaintiff's Motion for Recruitment of Counsel (Doc. 45)**

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Here, Plaintiff has attached to his motion several letters to law firms seeking representation in this case. (Doc. 45, pp. 10-14). Accordingly, Plaintiff has satisfied his burden of making reasonable attempts to obtain counsel on his own. As to the second prong of the test, however, the Court finds that the difficulty of this case does not exceed Plaintiff's ability to litigate it himself. Plaintiff proceeds with a First Amendment Free Exercise Clause claim against Defendants Vaughn, Brown, Brookhart, and Kohn for denying him access to a vegetarian kosher diet while at the Lawrence Correctional Center, as well as with a claim for injunctive relief against the IDOC Director under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*. ("RLUIPA"). "In the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a substantial burden on free exercise, may be justified if it is reasonably related to legitimate penological interests." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (citation and quotation marks omitted). On the other hand, protection under RLUIPA is broader in that "the government may not impose a 'substantial burden on the religious exercise of a person residing in or confined to an institution' unless the burden is the 'least restrictive

means' of serving a 'compelling governmental interest." *Id.* (citing 42 U.S.C. § 2000cc-1).

Plaintiff's claims relating to the imposed burden in the exercise of his religion are not factually complex. *See Whitfield v. Lawrence Corr. Ctr.*, No. CIV. 06-968-GPM, 2008 WL 563441, at *5 (S.D. Ill. Feb. 27, 2008). Plaintiff will mostly have to show what his religion requires him to do, how Defendants inhibited his ability to do so, and why. *Id.* Plaintiff should have personal knowledge of those facts or be able to get such information from Defendants through discovery. While Plaintiff's claims may present some complex legal issues, at this time, and while discovery is still ongoing, the Court believes that Plaintiff is well capable of proceeding on his own. Plaintiff's motions and pleadings thus far are clear, coherent, and very well structured and organized. (*See* Doc. 1, 39, 45, & 48). Plaintiff clearly states the facts and artfully analyzes relevant authority in support of his arguments. *Id.* Plaintiff's filings thus far are significantly more articulate and eloquent compared to those of most unrepresented plaintiffs. Further, as Plaintiff stated in his Complaint, he has at least some litigation experience, since he has two more cases pending in this district as well as cases pending in state and appellate courts. (Doc. 1, p. 3).

Plaintiff states in his motion that he has limited access to the law library (once a week for about two hours when there is an upcoming deadline, but only twice a month without an upcoming deadline). These circumstances are not unique to Plaintiff and do not warrant recruitment of counsel. Should Plaintiff need additional time at any stage of this litigation, he may file a motion with the Court, as he has already done in the past. Plaintiff also claims that there are no materials in the prison law library to assist him with the stages following discovery, and the prison law clerks are also not able to help him with trial preparation. However, at this time, discovery has not yet been completed, and Plaintiff will need to overcome any dispositive motions before heading to trial. Plaintiff asserts that he has no access to a jailhouse lawyer to assist with evidence gathering,

preparing, and responding to motions, but his pleadings thus far show he does not need such assistance. Further, Plaintiff does not state in his motions that he used the assistance of a jailhouse lawyer in preparation of his prior filings in this case.

Plaintiff next alleges that he has been transferred from Lawrence to Pinckneyville Correctional Center, and he thus does not have access to necessary witnesses. He states that he has identified over 30 witnesses. However, Plaintiff has not specifically explained what information he needs to obtain from those witnesses that he is unable to provide on his own or to secure from Defendants. Further, any witnesses from Plaintiff's old facility are not essential to establish Plaintiff's claim under the RLUIPA for injunctive relief in his current facility.

Plaintiff further states that he needs the Court to appoint counsel to assist him with filing a preliminary injunction for him and others similarly situated and to prove a prison-wide RLUIPA violation. However, any request for a class action certification must be made "[a]t an early practicable time," and Plaintiff has not done so even though this case has been pending for over one and a half years. Fed. R. Civ. P. 23(c)(1)(A). Plaintiff further avers that he has not yet received Defendants' responses to his discovery requests, which he served on Defendants on December 16, 2024, but Defendants clarified that they responded on February 10, 2025. (Doc. 49). If a discovery dispute arises in the future, Plaintiff may file a motion with the Court to resolve it.

The Seventh Circuit has been clear that "courts must be careful stewards of [the] limited resource" of volunteer lawyers. *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020) (quoting Dupree v. Hardy, 859 F.3d 458, 462–63 (7th Cir. 2017)). At this juncture, the Court is satisfied that Plaintiff is competent to litigate this case himself. Therefore, Plaintiff's Motion for Recruitment of Counsel (Doc. 45) is **DENIED** without prejudice.

**Conclusion**

For the reasons set forth above, Plaintiff's Motion for Recruitment of Counsel (Doc. 45) is **DENIED** without prejudice.  Defendants' Second Motion for Extension of Time to Opt Out of Mandatory Mediation (Doc. 46) is **DENIED** as moot.  Defendants' Motion for Extension of Time for Discovery Deadline and Dispositive Motions (Doc. 47), Plaintiff's Motion for Extension of Time for Discovery Deadline and Dispositive Motions (Doc. 48), and Defendants' Motion to Opt Out of Mandatory Mediation (Doc. 49) are **GRANTED**.  The Court's Scheduling Order (Doc. 34) is **AMENDED** as follows:  Discovery is due by May 2, 2025; Dispositive motions are due by 6/3/2025; All other dates and deadlines remain in place.

**IT IS SO ORDERED.**

**DATED: 4/10/2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**