IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VALDEZ LAMONT JORDAN,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 23-cv-2654-RJD ) |
| **DEANNA BROOKHART,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Renew Motion to Compel (Doc. 72) and Motion to Stay (Doc. 75).

### Background

Plaintiff Valdez Lamont Jordan, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Graham Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center (Lawrence). Jordan alleged that Defendants denied him a vegetarian kosher diet in violation of the First, Eighth, and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*. Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

> Count 1: Defendants denied Jordan access to a vegetarian kosher diet in violation of the Free Exercise Clause of the First Amendment.
>
> Count 2: Defendants denied Jordan access to a vegetarian kosher diet in violation of the RLUIPA, 42 U.S.C. § 2000cc, *et seq*.

Doc. 11, pp. 6-11.

**Plaintiff's Motion to Renew Motion to Compel (Doc. 72)**

On August 18, 2025, Plaintiff filed a motion seeking leave to serve defendants with additional written discovery. Doc. 68. On September 5, 2025, the Court denied the motion without prejudice because it was filed after the discovery cut-off. The Court noted that the discovery deadline had been extended several months, and on July 7, 2025, the parties had been warned that no further extensions would be granted absent extraordinary circumstances. Doc. 71. Plaintiff was, however, granted leave to renew his motion by September 19, 2025, provided that he presented extraordinary circumstances that justified reopening discovery.

On September 19, 2025, Plaintiff renewed his motion. Doc. 72. Plaintiff presented extraordinary circumstances, including health complications, his transfer to a different facility, and deprivation of his legal documents for several months. *Id.* Plaintiff asked that the Court order Defendants to respond to his additional written discovery requests and to comply with discovery orders. *Id.* at 7. He also asked that Defendants be ordered to continue settlement negotiations. *Id.* Defendants did not respond to the motion.

The Court **FINDS** that Plaintiff has sufficiently demonstrated extraordinary circumstances that justify the reopening of discovery. Accordingly, Plaintiff's Motion to Renew Motion to Compel is **GRANTED in part**. The Court will consider Plaintiff's Motion for Leave to Increase Discovery and to Compel Defendants to Respond. Doc. 68. Plaintiff's request that Defendants be ordered to continue negotiations is **DENIED**. While the Court will not order any party to engage in settlement negotiations, the parties are free to continue their attempts to amicably resolve this dispute. To facilitate those efforts, by **October 30, 2025**, Defendants are **DIRECTED** to reach out to Plaintiff and clarify whether their final offer made at the Settlement Conference hearing on

July 29, 2025, is still open.

**Plaintiff's Motion for Leave to Serve Additional Written Discovery and Compel Defendants (Doc. 68)**

Plaintiff served Defendants with his first set of written discovery in December 2024. Despite the Court's Discover and Scheduling Order, which limited the parties to only 15 interrogatories and requests for production absent prior leave from the Court, Plaintiff's first set of written discovery requests exceeded that limit. Doc. 72, p. 2. As a result, Defendants refused to respond to the additional discovery requests. Doc. 68, pp. 5-54. Defendants further objected on several grounds to the remaining written discovery requests. *Id.* On July 2, 2025, Plaintiff served Defendants his second set of written discovery, to which Defendants objected because Plaintiff had not first sought leave from the Court. Doc. 68, pp. 55-80. In his motion, Plaintiff reasoned that the additional discovery was necessary to address Plaintiff's substantive objections to his first set of written discovery and because Defendants had failed to fully produce their initial disclosures. As to the latter, Plaintiff claimed that Defendants had failed to produce the following categories of documents: log of interaction with staff during the relevant time; correspondence with the chaplain; reports and/or statements of persons with knowledge of the documents produced to Plaintiff; and copies of relevant medical records. Doc. 30, p. 2; Doc. 72, ¶ 8.

Defendants have not addressed Plaintiff's claim that their Initial Disclosures are incomplete. By October 30, 2025, Defendants are **DIRECTED** to file a status report with the Court confirming that they have fully produced their Initial Disclosures or explain the reasons they have failed to do so.

The Court next turns to Plaintiff's request for leave to serve Defendants with additional written discovery. Under Local Rule 26.1, a discovery motion shall have attached to it a copy of the actual discovery documents that are the subject of the motion or, in the alternative, recite them

verbatim. SDIL-LR 26.1(c)(4). Here, Plaintiff only provided incremental and out-of-order copies of his second round of written discovery propounded to Defendants. *See* Doc. 68, pp. 55-80. Because the Court cannot consider the merits of those discovery requests without access to the full and correct record, Plaintiff's motion is **DENIED**. Further, the Court notes that Plaintiff's second set of discovery appears to be an attempt to overcome Defendant's objections to Plaintiff's first round of written discovery. However, the appropriate way to resolve this type of discovery dispute is a motion to compel—not additional discovery requests. Accordingly, Plaintiff is granted leave to file a motion to compel under Federal Rule of Civil Procedure 37 about the first round of written discovery propounded to Defendants. If Plaintiff decides to proceed with the motion, he must file it by **October 30, 2025.** Plaintiff must set forth the grounds of his motion as to each discovery request individually, including any response to Defendants' objections.

**Plaintiff's Motion to Stay (Doc. 75)**

Plaintiff also filed a motion to stay his 30-day deadline to respond to Defendants' Motion for Summary Judgment pending resolution of the discovery dispute. Doc. 75. For good cause shown, Plaintiff's Motion to Stay (Doc. 75) is **GRANTED**. Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment is **VACATED** and will be reset after this discovery dispute is resolved.

### Conclusion

For the reasons set forth above, Plaintiff's Motion to Renew Motion to Compel (Doc. 72) is **GRANTED in part**. Plaintiff's request that Defendants be ordered to continue negotiations is **DENIED**. Defendants, however, are **DIRECTED** to reach out to Plaintiff by **October 30, 2025**, and clarify whether their final offer made at the Settlement Conference hearing on July 29, 2025, is still open. By that same deadline, Defendants are also **DIRECTED** to file a status report with

the Court confirming that they have fully produced their Initial Disclosures in accordance with the Court's Initial Scheduling Order (Doc. 30) or explain the reasons they have failed to do so. Plaintiff's request for leave to increase discovery is **DENIED**.  However, Plaintiff is granted leave to file a motion to compel under Federal Rule of Civil Procedure 37 about the first round of written discovery propounded to Defendants.  If Plaintiff decides to proceed with the motion, he must file it by **October 30, 2025.**  Plaintiff must set forth the grounds of his motion as to each discovery request individually, including any response to Defendants' objections.

Plaintiff's Motion to Stay (Doc. 75) is **GRANTED**.  Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment is **VACATED** and will be reset once the discovery dispute in this case is resolved.

**IT IS SO ORDERED.**

**DATE: October 16, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**